## REPUBLICAN PARTY OF HAWAII ET AL. *v.* MINK ET AL.

No. A–428.   Decided November 29, 1985

JUSTICE REHNQUIST, Circuit Justice.

Applicants, two recalled City Councilmen of the city of Honolulu and the Republican Party of Hawaii, ask me to stay an order of the Supreme Court of Hawaii, or to affirmatively enjoin the conduct of respondent Pua, the City Clerk of the city of Honolulu.   They claim that the following provision of the Honolulu City Charter violates the United States Constitution as interpreted by this Court in *Anderson* v. *Celebrezze*, 460 U. S. 780 (1983):

"No person, who has been removed from his elected office or who has resigned from such an office after a recall

1301

petition directed to him has been filed, shall be eligible for election or appointment to any office of the city within two years after his removal or resignation."

Applicants Matsumoto and Paccaro were recalled in an election held October 5. They seek to run in a special election called to fill the vacancies caused by the recall which is scheduled for tomorrow, Saturday, November 30. The stay application was presented to me about 1 p.m., eastern standard time, today, Friday, November 29. The Court of Appeals for the Ninth Circuit concluded that the City Charter provision as it construed it was unconstitutional, but the Supreme Court of Hawaii has now adopted a narrowing construction, which nonetheless prevents Matsumoto and Paccaro from appearing on the ballot, and ordered the City Clerk to enforce the provision in tomorrow's election.

It is almost impossible in the length of time available to me to ascertain whether four Justices of this Court would vote to note probable jurisdiction of an appeal from the decision of the Supreme Court of Hawaii, or whether a majority of this Court would be likely to reverse the decision of that court. The City Charter provision as interpreted by the Supreme Court of Hawaii is not, in my judgment, clearly unconstitutional under our decision in *Anderson* v. *Celebrezze, supra.* Under these circumstances, the "stay equities" of the case and the usual presumption of constitutionality accorded to state and local laws lead me to deny the application.